[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, INAMCO, DN 370568, hereinafter ("INAMCO") was consolidated with plaintiff, Inversiones Lituanes, DN 382630, ("Inversiones") against E.P. Co. ("EPCO") on a series of promissory notes signed by John Noll, President of EPCO in each case.
CT Page 8039
The companion cases arise out of an unusual set of circumstances involving a series of promissory notes made payable to one corporation INAMCO by EPCO and another set of promissory notes made payable to Inversiones by EPCO.
Jonas Mileris, ("Jonas") the son of Dr. Jonas Mileris ("The Doctor") who died on November 1, 1988 came across a series of notes in November or December of 1988 while cleaning his late father's office in Illinois. The first set of notes marked Exhibit A through F are made payable to CAMIN Stock Company all dated May 11, 1987, which is the basis for the claims made in the INAMCO suit. The notes in the INAMCO suit set forth in Counts 1-6
are numbered as follows:
001 through 006. The First count alleges default of the note 001 dated May ll, 1987 in the principal amount of $200,000 bearing interest at 8% per annuum payable. The note recites "payment is due earlier of twelve months from date of this note or within thirty days following the receipt of funds from the proceeds of the sale of Pure Water Technologies, Inc. EPCO may pay this note in part or full prior to the due date without penalty."
Counts 2 through 6 allege nonpayment of notes 002 consecutively through 006 all dated May 11, 1987 without any interest recited; payable successively in twelve monthly installments starting with the first installment on note 002 being due June 11, 1988 monthly through June 11, 1992. This set of notes represent interest on note 001.
A second series of notes introduced into evidence by the plaintiff, Inversiones, in the companion case, exhibits G through signed by Noll are on their face for the same total amount as the series of notes the basis for the suit by INAMCO. An examination of the notes in the nine count complaint of Inversiones is a mirror image of the six count complaint of INAMCO except that counts 6 through 9 of Inversiones complaint, divides the $200,000 principal of the First Count of INAMCO into four equal amounts of $50,000 each for a similar total principal of $200,000 bearing the same interest rate of 8% per annum. These notes are numbered 001 through 004. The notes exhibit G through J (001-004) are interestingly due and payable at the same time and in accordance with the same dates, recited in Note 001 of INAMCO, after the sale of Pure Water Technologies Inc. Compare notes G through J with exhibit A. Also, interestingly note 005 through CT Page 8040 009 of Inversiones complaint add up to the same amounts shown in notes 002 through 006 of the INAMCO complaint, which likewise appear as interest payments.
Jonas could give the court no explanation for the notes. Jonas testified he had no knowledge as to where the funds came from or the consideration for the notes. He testified that Inversiones was a holding company with no substantial assets. He further testified he is president of both corporations and had little or no involvement with the companies before his father's death.
The plaintiff offered no supporting documents regarding the existence of these notes. Accordingly the only logical and credible reasonable testimony about the history of the notes is that of John Noll.
The special defenses set forth by the defendant in both cases allege first: that any debt arising out of the notes in each complaint is nullified and replaced by new notes which are not yet due and payable; second: the notes of each complaint were satisfied by the execution of new notes; third: the plaintiffs waived all claims by virtue of subsequent agreements entered into by the parties; fourth: the statute of limitation Conn. General Statutes § 52-576; fifth: statute of limitations § 52-576; fifth: Statute of Limitations § 52-581; sixth: USURY; seventh: against public policy; eighth: Unconscionable and therefore I barred
The plaintiff INAMCO agrees that note number 001, which has a maturity date of May 11, 1988 is barred by the statute of limitations. (See post trial brief) As outlined by the plaintiff INAMCO it had until November 14, 1994 to commence the action which it failed to do. Accordingly judgment is entered in favor of the defendant EPCO on the First amount of the INAMCO suit. INAMCO in its brief, agrees that the same action is to be applied to the Inversiones complaint as to notes G through J. Accordingly judgment is entered in favor of the defendant EPCO as to the last four counts of Inversiones suit, counts 6 through 9.
Noll testified that the doctor was a shareholder of EPCO and a personal friend. The purpose of the loan was to assist the cash flow to EPCO and assist Stephen Monvilo
("Monvilo") who is a cousin and Vice President of EPCO. CT Page 8041 Monvilo refers to the doctor as his uncle. The doctor drew up all the notes without any legal assistance. Noll testified there were three sets of notes drafted by the doctor, but the only cash received is $191,110, all of which is corroborated by the books and records of EPCO provided to the court.
One month after the original set of notes in the INAMCO complaint, the doctor came to inform Noll that he was redirecting the notes to be paid to Inversiones. Noll testified he did not receive the totals of $475,000 reflected in the two law suits. Noll testified the second set of notes, the basis for Inversiones claim was to replace the first set of notes. September of 1987 the doctor substituted a third set of notes changing the dates repayment. The doctor told Noll he was changing to the third set of notes because of consequences and that the doctor intended to retire in Costa Rica.
The general ledger and journal of the defendant corporation shows the amount o $191,110 coming into it from the Doctor. Noll testified that the note of $55,000 cahs represents interest payments.
Noll and Monvilo acknowledges the third set of notes and that the defendant obligated for $191,110 as to that set of notes not yet matured. The defendant introduced a letter dated September 28, 1987, Exhibit 1 in which he directs to destroy or return the set of notes that the doctor had and to replace them with the notes Exhibit 2 calling for payment commencing June 11, 1998.
The plaintiffs in this case rely on Conn. General Statutes § 42a-3-604[1] regarding cancellation or renunciation of a note to enforce two sets of notes in two separate suits which this court concludes as being for the same monies advanced.
The court under the circumstances of this case concludes that the explanation given by Noll as to the Doctor's substituting new notes for the prior notes acted as a cancellation of the original notes. Under § 42a-3-604 the special defenses asserted in the First and Second Special Defenses has been proven by the acts of the Doctor. The First and Second Special Defenses have been proven to this court by the letter canceling the second series of notes in the Inersiones case by substitution of the third series of notes. [see defendant's notes in the Inversiones case by substitution of the third series of notes. [see defendant's CT Page 8042 exhibits 1 and 2].
The court finds from all the evidence adduced at trial that the notes in the Inversiones case was intended to supersede the notes in the INAMCO case. The third set of notes canceled the second set of notes in the Inversiones case from the action of the parties. The third set of notes were forwarded on September 28, 1987 more than one year prior to the
Doctor's death. No evidence was presented to show that the doctor did not consent to the substitution.
The court has already discussed the statute of limitations. Further the bankruptcy petition in this case. [see exhibits R S] did not toll the applicable six year statute. The defendant correctly argues that the petition in Bankruptcy simply extended the deadline for 30 days. The deadline was November 14, 1994 which was 30 days beyond the Bankruptcy dismissal.
The defendant persuasively argues that the actions in this case arose under unusual circumstances. There was an unexplained series of notes without proof of consideration beyond the principal of $191,110. The two suits seek a total of $950,000 without support. The court concludes that the three series of notes were executed under the arrangements made by the lender.
For all the foregoing reasons the court enters judgment in favor of the defendant in each of the companion cases, on the Counts not already addressed by the statute of Limitations agreed to by the plaintiffs.
Frank S. Meadow Judge Trial Referee